**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DWAINE WRIGHT,**

      Petitioner,                      **CASE NO. 2:10-CV-00853
                                                 JUDGE ALGENON L. MARBLEY**
**v.**                                      **MAGISTRATE JUDGE E.A. Preston Deavers**

**STATE OF OHIO, et. al.,**

      Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, who apparently is now in federal custody, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] challenging his August 6, 1992 burglary conviction made pursuant to his guilty plea in the Franklin County Court of Common Pleas. According to the petition, Petitioner served one year incarceration for the conviction, which sentence has now long since expired.

      On September 22, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent based upon the following grounds:

      1. Ineffective assistance of counsel.

      Counsel failed to investigate Petitioner's mental background, counsel al[lowed] the Petitioner to enter[] into a plea without Petitioner's full understanding [of] what he was pleading to, counsel failed to file appeal at the Petition[er's] request.

      2. Competent to stand trial, competent to enter into the plea of guilty without the psychiatric examination that was order[ed] by the court.

---

[1] Although Petitioner indicates that he is filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, because he is challenging a state court conviction, this Court construes his habeas corpus petition under 28 U.S.C. § 2254.

> The records and transcript of the sentencing hearing support the facts above, Petitioner was not competent to stand trial nor entered into any plea agreement.
>
> 3. Withdraw guilty plea.
>
> Petitioner['s] guilty plea should [not] have been [ac]cepted, Petitioner['s] plea was tak[en] in violation of Rule 11. Petitioner did not understand what he was pleading to nor understood the nature of the charge or offense he pleaded guilty to.

Respondent has filed a Motion to Dismiss the petition for failing to name the proper Respondents.[2] (Doc. 7.) Petitioner has filed a Motion to Strike Respondent's motion (Doc. 8), and a Motion to Amend the Petition to include the names of the Ohio Attorney General and the Director of the Ohio Department of Rehabilitation and Corrections as Respondents in this action. (Doc. 9.) However, Petitioner indicates that he is challenging neither the current sentence for which he is presently incarcerated, nor a sentence for which he is subject to future custody. Instead, Petitioner insists that he is now challenging his 1992 burglary conviction, for which his sentence has now completely expired. Further, Petitioner plainly was not in custody under the offense he now challenges at the time he filed his habeas corpus petition. Under these circumstances, this Court has no jurisdiction to consider Petitioner's habeas corpus petition. *Maleng v. Cook*, 490 U.S. 488, 492 (1989)(holding that once a sentence "has completely expired, the collateral consequences of that conviction are not . . . sufficient to render an individual "in custody" for the purposes of a habeas attack").(citing *Carafas v. La Valle,* 391 U.S. 234, 238 (1968).

---

[2] Because the Court determines that it lacks jurisdiction to consider the instant Petition for Habeas Corpus, it need not address Respondent's arguments regarding the proper party in this case.

2

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

*Maleng v. Cook*, 490 U.S. at 492.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss (Doc. 7), and Petitioner's Motion to Strike and Motion to Amend (Docs. 8, 9), be **DENIED**, as moot, and that this action be **DISMISSED** for lack of jurisdiction.

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88

L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

                  s/ *Elizabeth A. Preston Deavers*
                 Elizabeth A. Preston Deavers
                 United States Magistrate Judge

Date: December 29, 2010

---

1. Magistrate Judge **RECOMMENDS** that Respondent's motion (Doc. 7) and Petitioner's motions (Docs. 8, 9), all be **DENIED**, as moot.