# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DWAINE WRIGHT,  :

    Petitioner,  :

  :  Case No. 3:11cv00109

vs.  :  District Judge Walter Herbert Rice

  :  Magistrate Judge Sharon L. Ovington

STATE OF OHIO,

  :

    Respondent.

  :

## REPORT AND RECOMMENDATIONS[1]

Petitioner Dwaine Wright is presently incarcerated in the Federal Correctional Institution in Glenville, West Virginia.  He is serving a 220-month sentence for illegally possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  *United States v. Dwaine Wright*, 332 Fed. Appx. 257, 259 (6th Cir. 2009).

Wright originally filed the present case in the United States District Court for the Southern District of Ohio, Eastern Division (Columbus, Ohio).  (Doc. #1).  In doing so he completed and filed a form titled, "Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence."  (Doc. #1).  Yet, rather than challenging or even mentioning his federal conviction and sentence, Wright's current §2255 Motion attacks his prior –

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

August 6, 1992 – state burglary conviction and sentence in the Franklin County, Ohio Court of Common Pleas.

Upon review of Wright's §2255 Motion, United States Magistrate Judge Elizabeth A. Preston Deavers construed it as a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 and recommended its denial and dismissal. (Doc. # 12). She reasoned:

> Petitioner indicates that he is challenging neither the current [federal] sentence for which he is presently incarcerated, nor a sentence for which he is subject to future custody. Instead, Petitioner insists that he is now challenging his 1992 burglary conviction, for which his sentence has now completely expired. Further, Petitioner was plainly not in custody under the offense he now challenges at the time he filed his habeas corpus petition. Under these circumstances, this Court has no jurisdiction to consider Petitioner's habeas corpus petition. *Maleng v. Cook*, 490 U.S. 488, 492 (1989)(holding that once a sentence "has completely expired, the collateral consequences of that conviction are not ... sufficient to render an individual 'in custody' for the purposes of a habeas attack.")....

(Doc. #12 at 36).

Wright objected to Magistrate Judge Deaver's dismissal recommendation. Upon review of Wright's objections, United States District Judge Marbley found them without merit insofar as they relate to the Court's lack of jurisdiction to "invalidate his 1992 burglary conviction...." (Doc. 19 at 70). This did not end the case because Wright also sought an Order transferring the case to this Court. Judge Marbley granted Wright's request for a transfer, recognizing that Wright asked (1) for a liberal construction of his pleadings under §2255 and (2) for consideration of his argument that his current federal sentence is invalid because his 1992 burglary improperly was used to enhance the term of this sentence under the Armed Career Criminal provision, §4B1.4, of the United States

2

Sentencing Guidelines. (Doc. #19 at 70-71).

Because Wright's present federal sentence is potentially at issue, his case arrived in this Court (1) for consideration of whether this case should be construed as a cause of action under 28 U.S.C. §2255, and if so, (2) for a decision on the merits of Petitioner's claims. (Doc. #19 at 71).

Accepting in Wright's favor – and as Judge Marbley contemplated – the premise that this case should be construed as an action under §2255, Wright must focus on the validity of his present federal sentence. This, after all, is §2255's target:

> A prisoner in custody under the sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States..., or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255(a). In addition, Wright asserts in his affidavit (attached to his Motion), "I, Dwaine Wright do have specific evidence to support and prove all facts stated herein and in [sic] §2255 motion, and submit this Affidavit in support along with my §2255 motion to substantiate a prima facie claim for relief." (Doc. #1 at 10).

Although Wright's case may properly be construed as an attempt to bring a §2255 action, Wright cannot use §2255 to litigate his three challenges to his August 6, 1992 burglary conviction in the Franklin County, Ohio Court of Common Pleas. (Doc. #1 at 1-12). Wright's three challenges are

    I.    Ineffective assistance of counsel

3

>  Supporting Facts: Counsel failed to investigate Petitioner's mental background, counsel aloud the Petitioner to enter into a plea without Petitioner's full understanding what he was pleading to, counsel failed to file appeal at the petition request
>
> II.   Competent to stand trial, competent to enter into the plea of guilty without the psychiatric examination that was ordered by the court
>
> Supporting Facts:  The records and transcript of the sentencing hearing support the facts above, Petitioner was not competent to stand trial nor entered into any plea agreement
>
> III.   Withdraw guilty plea
>
> Supporting Facts:  Petitioner guilty plea shouldn't have been excepted, Petitioner plea was taking in violation of Rule (11) Petitioner did not understand what he was pleading to nor understood the nature of the charge or offense he pleaded guilty to

(Doc. #1 at 4-6) (verbatim quote without corrections).

Wright, as previously noted, is a federal prisoner serving a federal sentence that was enhanced by his 1992 burglary conviction. Earlier in this case, in his Objections to the Report and Recommendations, Wright argued that his invalid 1992 burglary conviction should have been excluded from the calculation of his criminal history and sentence. (Doc. #15 at 43-48). He thus maintains that the District Court's reliance on his invalid 1992 burglary conviction "causes his present sentence to run afoul of the laws and [C]onstitution of the United States." (Doc. 15 at 42-43, 46-47).

*Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578 (2001) directly applies to Wright's §2255 Motion and resolves this case against him. Under *Daniels*:

> If ... a prior conviction used to enhance a federal sentence is no

4

>longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under §2255.

532 U.S. at 382, 121 S.Ct. at 1583. Section 2255 thus provides no avenue for Wright to pursue his challenges to his expired and presumptively valid 1992 burglary conviction.[2] *See id.*; *see also Steverson v. Summers*, 258 F.3d 520, 522-25 (6th Cir. 2001); *Smith v. United States*, 262 F.3d 537, 538 (6th Cir. 2001).

In addition to the present case, Wright has brought a separate Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 challenging his present federal sentence. *Dwaine L. Wright v. United States*, Case No. 3:10cv00174 (S.D. Ohio, April 28, 2010). On May 20, 2011, a Report and Recommendations issued concerning Wright's earlier §2255 Motion. *Id.* at Doc. #156. Wright has until July 8, 2011 to file his Objections, if any, to the Report and Recommendations.

In the instant case, as in his earlier §2255 Motion, Wright challenges the federal sentence he is now serving, albeit on different grounds. Liberally construing his present §2255 Motion as seeking to amend or add claims to his original §2255 Motion, such an amendment or addition would be futile in light of *Daniels*, 532 U.S. at 382, 121 S.Ct. at 1583; *Steverson*, 258 F.3d at 522-25; and *Smith*, 262 F.3d at 538. Due to its futility,

---

[2] A sole exception to this rule exists for a claim challenging a prior conviction under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792 (1963). *See Daniels*, 532 U.S. at 382, 121 S.Ct. at 1583. Wright's §2255 Motion does not challenge his 1992 burglary conviction under *Gideon*.

Wright should not be granted leave to amend or add his original §2255 Motion to include his present challenges to the validity of his 1992 burglary convictions. *See Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003)(affirming denial of leave to amend §2255 Motion based on futility); *see Blakely v. United States*, 276 F.3d 853, 874-75 (6th Cir. 2002) (same).

Accordingly, an Order denying and dismissing Wright's §2255 Motion is warranted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Dwaine's Wright's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (Doc. #1) be DENIED and DISMISSED; and

2. Wright's request for an evidentiary hearing (Doc. #1 at 12) be DENIED as moot; and

3. The case be terminated on the docket of this Court.

June 24, 2011                                                    s/Sharon L. Ovington
                                                                                    Sharon L. Ovington
                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6${}^{th}$ Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).